UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **POLA RAIZ OOO** )<br>Naberezhnaya Reki Fontanki )<br>Dom 161, Ofis 118 )<br>Saint Petersburg 190068 )<br> )<br>  *Plaintiff,* )<br> )<br>  v. )<br> )<br>**ANTONY J. BLINKEN** )<br>**in his official capacity as** )<br>**Secretary of the United States** )<br>**Department of State** )<br>The Executive Office )<br>Office of the Legal Advisor )<br>Suite 5.600, 600 19th Street NW )<br>Washington, D.C. 20522-0000 )<br> )<br>  and )<br> )<br>**THE UNITED STATES DEPARTMENT** )<br>**OF STATE** )<br>The Executive Office )<br>Office of the Legal Advisor )<br>Suite 5.600, 600 19th Street NW )<br>Washington, D.C. 20522-0000 )<br> )<br>  and )<br> )<br>**BRADLEY T. SMITH** )<br>**in his official capacity as** )<br>**Director of the United States** )<br>**Department of the Treasury** )<br>**Office of Foreign Assets Control** )<br>1500 Pennsylvania Avenue, NW )<br>Freedman's Bank Building )<br>Washington, D.C. 20220 )<br> )<br>  and )<br> )<br>**THE UNITED STATES DEPARTMENT** )<br>**OF THE TREASURY, OFFICE OF** )<br>**FOREIGN ASSETS CONTROL** )<br>1500 Pennsylvania Avenue, N.W. )<br>Freedman's Bank Building )<br>Washington, D.C. 20220 )| Case No. _____ |

)
        *Defendants*.       )
                                         )

## COMPLAINT

Petitioner Pola Raiz OOO ("Pola Raiz" or "Plaintiff"), brings this complaint against the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC" or the "Agency"), and its Director, Bradley T. Smith, along with the United States Department of State ("DOS"), and its Secretary, Antony J. Blinken, (collectively, the "Defendants"). In support of this complaint, Plaintiff alleges as follows:

### INTRODUCTION

1. This is an action under Administrative Procedure Act, the § 706(1) (the "APA"), to compel OFAC to render a final agency action on the petitions for removal of Plaintiff and 21 of its vessels from OFAC's List of Specially Designated Nationals and Blocked Persons ("SDN List"), submitted pursuant to 31 C.F.R. Parts § 501.807.

### JURISDICTION AND VENUE

2. The Court has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgement Act, 28 U.S.C. §§ 2201(a), 2202, and the Administrative Procedure Act, 5 U.S.C. § 706(1).

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4. This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and 2202 and Fed. R. Civ. P. Rule 57.

5. The Court has jurisdiction to award attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2).

6.      Venue is property in the District of Columbia as this is the district in which the events giving rise to the Complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391 (b) and (e).

## THE PARTIES

7.      Pola Raiz is a privately owned shipping company incorporated in Russia having State Registration Number 1157847410753, Tax ID Number 7838046334, and has its registered address at Naberezhnaya Reki Fontanki, Dom 161, Ofis 118, Saint Petersburg 190068.

8.      Plaintiff is the owner of the following 21 shipping vessels: 1) Pola Filofeia (Vessel Registration Identification IMO 9849435); 2) Pola Anfisa (Vessel Registration Identification IMO 9851115); 3) Pola Harita (Vessel Registration Identification IMO 9888792); 4) Aleksandr Sokolov (Vessel Registration Identification IMO 9889198); 5) Pola Marina (Vessel Registration Identification IMO 9903865); 6) Pola Miropia (Vessel Registration Identification IMO 9903877); 7) Pola Agata (Vessel Registration Identification IMO 9903841); 8) Pola Alexia (Vessel Registration Identification IMO 9903853); 9) Pola Anastasia (Vessel Registration Identification IMO 9897690); 10) Pola Anatolia (Vessel Registration Identification IMO 9851103); 11) Pola Feodosia (Vessel Registration Identification IMO 9849461); 12) Pola Fiva (Vessel Registration Identification IMO 9849473); 13) Pola Gali (Vessel Registration Identification IMO 9851127); 14) Pola Pelagia (Vessel Registration Identification IMO 9888807); 15) Pola Sevastiana (Vessel Registration Identification IMO 9691785); 16) Pola Sofia (Vessel Registration Identification IMO 9849459); 17) Pola Varvara (Vessel Registration Identification IMO 9903839); 18) Pola Yaroslava (Vessel Registration Identification IMO 9903827); 19) Pola Makaria (Vessel Registration Identification IMO 9849423); 20) Pola Dudinka (Vessel Registration Identification IMO 9190107); and 21) Pola Maria (Vessel Registration Identification IMO 9897705).

9. Defendant Antony J. Blinken is the Secretary of the United States Department of State. Mr. Blinken is sued in his official capacity.

10. Defendant United States Department of State, is a cabinet-level governmental department led by the Secretary of State, that manages the United States' relationship with foreign governments, international organizations, and the people of other countries. It is located at 2201 C. Street, NW, Washington, D.C. 20520.

11. Defendant Bradley T. Smith, is the Director of OFAC. Mr. Smith is sued in his official capacity.

12. Defendant OFAC is a federal administrative agency of the United States Department of the Treasury and is located at 1500 Pennsylvania Avenue, NW, Freedman's Bank Building, Washington D.C. 20220.  OFAC is responsible for administering and enforcing economic and trade sanctions against targeted foreign countries and individuals. To accomplish this task, OFAC maintains the SDN List.

## FACTUAL ALLEGATIONS

A. *Designation of Plaintiff and its Vessels as Specially Designated Nationals*

13. Plaintiff was designated by DOS on February 24, 2023 to OFAC's SDN List pursuant to Section 1(a)(i) of Executive Order ("E.O.") 14024 for having operated in the marine sector of the Russian Federation economy.

14. Plaintiff's entire fleet of 21 vessels were also designated by DOS to OFAC's SDN List on February 24, 2023 for being property in which Plaintiff has an interest.

15. On March 6, 2023, Plaintiff filed a request for interpretive guidance with OFAC requesting the issuance of a Frequently Asked Question ("FAQ") by the agency clarifying that all transactions ordinarily incident and necessary to the transportation of agricultural commodities by Plaintiff's designated vessels remain authorized pursuant to the Russia-related

General License No. 6C ("GL 6C"). In its request for interpretive guidance, the Plaintiff stated that it intends to file, on its behalf and on behalf of 21 of its vessels, a petition for removal from the SDN List pursuant to § 501.807(a) of the Reporting, Procedures, and Penalties Regulations, 21 C.F.R. Part 501.

16. Plaintiff alleges that the Defendants' decision to designate it and its 21 vessels on the SDN List is arbitrary and capricious. There is no factual or legal basis for including Plaintiff's name on the SDN List, nor is there a factual or legal basis upon which Defendants could reasonably determine that Plaintiff should remain on the SDN List.

B. *Plaintiff's Challenge to its Designation*

17. On April 25, 2023, Plaintiff filed a petition for removal of six of its vessels from the SDN List via e-mail to OFAC (the "First Application").

18. The six vessels included in the First Application were (1) Pola Filofeia, (2) Pola Anfisa, (3) Pola Harita, (4) Aleksandr Sokolov, (5) Pola Marina, and (6) Pola Miropia (collectively, the "Pola Six").

19. OFAC confirmed receipt of the First Application on May 2, 2023 and provided a reference number for the petition (Case ID: RUSSIA-EO14024-33217).

20. Plaintiff through its undersigned counsel explained in the First Application that, *inter alia*, there was an insufficient basis for designating the Pola Six because all of its shipments are permitted by GL 6C, which authorizes transactions prohibited by the Russian Harmful Foreign Activities Sanctions Regulations, 31 C.F.R. Part 587 (the "RuHSR") related to the production, manufacturing, sale, or transport of agricultural commodities or agricultural equipment.[1]

---

[1] OFAC, *General License No. 6C,* U.S. DEP'T OF THE TREASURY (January 17, 2023).

5

21. On May 12, 2023, Plaintiff filed a petition for its removal from the SDN List, which it then supplemented with additional materials on May 19, 2023 (the "Second Application"). Both petitions were submitted via e-mail to OFAC and DOS. The DOS confirmed receipt of the two petitions on May 16, 2023 and May 25, 2023, respectively.

22. In the Second Application, Plaintiff explained that there was an insufficient basis for its designation, and that in any event, Plaintiff is taking additional remedial actions to augment its already robust sanctions compliance program and to negate any basis for its designation as provided for in 31 C.F.R. § 501.807.

23. On June 2, 2023, Plaintiff, through its undersigned counsel, filed a petition for removal of 12 of its vessels from the SDN List via e-mail to OFAC (the "Third Application").

24. The 12 vessels included in the Third Application were (1) Pola Agata, (2) Pola Alexia, (3) Pola Anastasia, (4) Pola Anatolia, (5) Pola Feodosia, (6) Pola Fiva, (7) Pola Gali, (8) Pola Pelagia, (9) Pola Sevastiana, (10) Pola Sofia, (11) Pola Varvara, and (12) Pola Yaroslava (collectively, the "Pola Twelve").

25. The DOS confirmed receipt of the petition on June 6, 2023.

26. On June 7, 2023, Plaintiff, through its undersigned counsel, filed a petition for removal of its vessel, Pola Dudinka, from the SDN List via email to OFAC (the "Fourth Application").

27. On July 13, 2023, Plaintiff, through its undersigned counsel, filed a petition for removal of its vessel, Pola Makaria, from the SDN List via email to OFAC (the "Fifth Application").

28. The DOS confirmed receipt of the petition on July 18, 2023.

29. On July 14, 2023, Plaintiff, through its undersigned counsel, filed a petition for removal of its vessel, Pola Maria, from the SDN List via email to OFAC (the "Sixth

Application").

30. The DOS confirmed receipt of the petition on July 27, 2023.

31. Plaintiff, through the undersigned counsel, followed up with OFAC via e-mail, copying DOS, regarding the First Application and Second Application on July 21, 2023 (the "First Follow-up").

32. On July 31, 2023, OFAC responded to the First Follow-up and informed Plaintiff that the Agency is consolidating all six applications under the reconsideration case ID RUSSIA-EO14024-33217. Additionally, OFAC requested that Plaintiff confirm the submission of all initial petition materials concerning Plaintiff and its vessels, including any supplemental information. Plaintiff was also asked to prepare a list of all Pola-related materials submitted to date, including details of the submitted material, dates of submission, and the method used for submission. Plaintiff provided OFAC with the requested information on August 8, 2023.

33. On August 14, 2023, Plaintiff received a Request for Further Information ("RFI") from DOS.

34. Plaintiff, through its undersigned counsel, submitted its response to the RFI on October 31, 2023.

35. The DOS confirmed receipt of the response to RFI on November 3, 2023.

36. Plaintiff, through the undersigned counsel, followed up with DOS via e-mail, copying OFAC, regarding the First Application and Second Application on January 18, 2024 (the "Second Follow-up). OFAC and DOS have not yet responded to the Second Follow-Up.

37. As of date of this filing, Defendant has not issued a final agency decision despite Plaintiff submitting the First Application 283 days ago. Additionally, Plaintiff submitted its response to the RFI 91 days ago.

38. Plaintiff asserts that OFAC has unreasonably delayed rendering a final agency

7

action on the above-mentioned delisting petitions under 5 U.S.C. § 706(1).

## CLAIM FOR RELIEF

39. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

40. By and through its six delisting petitions and response to the RFI, Plaintiff requested that Defendants remove it and its 21 vessels from the SDN List.

41. The APA requires agencies to "conclude a mater presented to it… [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." 5 U.S.C. § 555(b).

42. Under the APA, reviewing courts are required to compel agency actions unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

43. OFAC has unreasonably delayed in responding within a reasonable time under 5 U.S.C. § 706(1).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to render a final agency action on the delisting petitions that are the subject of this complaint;

B. Provide for expeditious proceedings in this action;

C. Award Plaintiff attorneys' fees and costs incurred in this action; and

D. Grant such other relief as this Court may deem just and proper.

Dated:   February 2, 2024

                                                        Respectfully submitted,

                                                        /s/ Jason D. Wright

Jason D. Wright, Esq.
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Tel:  +1 212 696 6000
Fax:  +1 212 697 1559
E-mail: jwright@curtis.com
DC Bar #1029983

Ziad El Oud (*pro hac vice pending*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
1717 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: +1 202 452 7366
Mobile: +1 347 217 1797
Email: zel-oud@curtis.com
DC Bar #1617992

Kaitlyn Devenyns (*pro hac vice pending*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Tel:  +1 212 696 6000
E-mail: kdevenyns@curtis.com

*Counsel for Pola Raiz OOO*